UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SPENCER NEAL, | CASE NO.: _____ |
| Plaintiff, | JUDGE _____ |
| vs. | **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:** |
| OHM GANESHAY INC., | **1ST CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disability Act of 1990 ("Title III" and "ADA"), 42 U.S.C. §§ 12181, *et seq*. |
| Defendant. | **2ND CAUSE OF ACTION:** For Violation of Indiana's Deceptive Consumer Sales Act, Ind. Code Ann. § 24-5-0.5-1, *et seq*. |

Plaintiff Spencer Neal Complains of Defendant Ohm Ganeshay Inc., and alleges as follows:

**INTRODUCTION:**

1. This is a civil rights action for discrimination against persons with physical disabilities, of which plaintiff is a member of, for failure to remove architectural barriers structural in nature at Defendant's property, a place of public accommodation, thereby discriminatorily denying plaintiff access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof. Plaintiff seeks injunctive relief pursuant to the Americans with Disability Act of 1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq*.

2. Plaintiff Spencer Neal is a person with physical disabilities who, on or about November 14, 2023, through November 15, 2023, was an invitee, guest, patron, or customer at Defendant's property, which houses a Super 8 by Wyndham hotel, located at 2801 Guilford

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 1**

Street, Huntington, IN 46750. At said time and place, Defendant failed to provide proper legal access to the property, which is a public accommodation and/or public facility. The denial of access was in violation of federal legal requirements, and Mr. Neal suffered violations of his civil rights to full and equal access and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3. **Jurisdiction**: This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel Indiana law, whose goals are closely tied with the ADA, including but not limited to violations of the Indiana Deceptive Consumer Sales Act, Ind. Code Ann. § 24-5-0.5-1, *et seq.*

4. **Venue**: Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district, in the City of Huntington, County of Huntington, State of Indiana and that plaintiff's causes of action arose in this district.

**PARTIES:**

5. Plaintiff Spencer Neal is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities." (Hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning.) Mr. Neal is a "person with physical disabilities," as defined by all applicable United States laws. Mr. Neal requires the use of a wheelchair to travel about in public. Consequently, Mr. Neal is a member of that portion of the public whose rights are protected by the Americans with

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 2**

Disabilities Act.

6. Defendant Ohm Ganeshay Inc., an Indiana corporation, is the owner and operator, lessor and/or lessee, or agent of the owner, lessor and/or lessee, of the building and/or buildings which constitute a public facility in and of itself, occupied by a Super 8 by Wyndham hotel, a public accommodation, located at/near 2801 Guilford Street, Huntington, IN 46750, and subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and to all other legal requirements referred to in this complaint.

7. At all times relevant to this complaint, Defendant is the lessee, or agent of the lessee, and/or lessor, of said premises, and owns and operates the subject Super 8 by Wyndham hotel as a public facility at/near 2801 Guilford Street, Huntington, IN 46750. The business, a Super 8 by Wyndham hotel, is open to the general public and conducts business therein. The business operating on said premises is a public accommodation.

8. At all times relevant to this complaint, Defendant is the landlords/lessors, tenants/lessees and the owners and operators of the subject hotel, a public accommodation located at/near 2801 Guilford Street, Huntington, IN 46750. As such, Defendant is jointly and severally responsible to identify and remove architectural barriers pursuant to Code of Federal Regulations section 36.201(b), which states in pertinent part:

> **§ 36.201    General**
>
> (b) Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.
>
> CFR §36.201(b)

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 3**

9. Plaintiff does not know the true names of Defendant, its business capacities, its ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of. Plaintiff is informed and believes that the Defendant herein is a public accommodation, and is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, partner, and associate, or such similar capacity, of each of the other defendants, if any, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described.

**PRELIMINARY FACTUAL ALLEGATIONS:**

10. Defendant is the entity that is a public accommodation that owns, leases (or leases to), or operates, a Super 8 by Wyndham hotel, located at 2801 Guilford Street, Huntington, IN 46750. The Super 8 by Wyndham hotel and each of its facilities are places "of public accommodation" subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181, *et seq.* On information and belief, said facility has undergone "alterations, structural repairs and additions," each of which has subjected the Super 8 by Wyndham hotel to handicapped access requirements.

11. Plaintiff Spencer Neal is a person with a disability. Mr. Neal is a "physically disabled person," as defined by all applicable United States laws. Mr. Neal is paralyzed and requires the

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 4**

use of a wheelchair for mobility and to travel in public.

12. At all times referred to herein and continuing to the present time, Defendant advertised, publicized and held out the Super 8 by Wyndham hotel as being handicapped accessible and handicapped usable.

13. On or about November 14, 2023, through November 15, 2023, Mr. Neal was an invitee and guest at the subject Super 8 by Wyndham hotel, arriving for purposes of obtaining lodging.

14.  Upon his arrival, during his patronizing of the public accommodation, and upon his exit of the facility, Mr. Neal personally encountered architectural barriers which denied him the full and equal access to the property.

15. Therefore, at said time and place, Mr. Neal, who is a person with disabilities, encountered numerous inaccessible elements of the subject Super 8 by Wyndham hotel which constituted architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities. *By way of example and not as an exhaustive inventory of Defendant's violations*, barriers to access were personally encountered by Mr. Neal within the facility's (1) guestroom 109, (2) the parking lot, (3) the exterior accessible routes and entryways, (4) the picnic area, (5) the lobby and reception area, (6) the breakfast area, (7) the fitness area, (8) the laundry area, (9), and upon information and belief, the other mobility accessible guest rooms, as well as the pool area and the public restrooms, if any.

On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

16. At all times stated herein, the existence of architectural barriers at Defendant's place of public accommodation evidenced "actual notice" of Defendant's intent not to comply

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 5**

with the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, either then, now or in the future.

17. As a legal result of Defendant's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered damages as alleged herein.

18. As a further legal result of the actions and failure to act of Defendant, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, Mr. Neal was denied his civil rights to full and equal access to public facilities. Mr. Neal suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered from personal physical injury, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

19. On information and belief, construction alterations carried out by Defendant has triggered access requirements under Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181, *et seq.*

20. Mr. Neal, as described herein below, seeks injunctive relief to require the Super 8 by Wyndham hotel to be made accessible to meet the requirements of the Americans with Disabilities Act, so long as Defendant operates and/or leases the Super 8 by Wyndham hotel as a public facility.

21. On information and belief, Defendant has been negligent in its affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 6**

or all of said barriers.

22. Because of Defendant's violations, Mr. Neal and other persons with physical disabilities are unable to use public facilities such as those owned and operated by Defendant on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act and other accessibility law as plead herein. Plaintiff seeks an order from this court compelling Defendant to make the Super 8 by Wyndham hotel accessible to persons with disabilities.

23. Plaintiff is informed and believes and therefore alleges that Defendant caused the subject property to be constructed, altered and/or maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said facility of the Super 8 by Wyndham hotel and were denied full and equal use of said public facility. Further, on information and belief, Defendant has continued to maintain and operate said facility in such conditions up to the present time, despite actual and constructive notice to such Defendant that the configuration of the establishment and/or its building(s) are in violation of the civil rights of persons with physical disabilities, such as plaintiff and the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of law as stated in Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181, *et seq.*

24. On personal knowledge, information and belief, the basis of Defendant's actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the Super 8 by Wyndham hotel was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to, communications with invitees and guests, owners of other establishments and businesses, notices

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 7**

Defendant obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by the Defendant, newspaper articles and trade publications regarding the Americans with Disabilities Act and other access laws, public service announcements, and other similar information. Defendant's failure, under state and federal law, to make the establishment accessible is further evidence of Defendant's conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. The scope and means of the knowledge of Defendant are within Defendant's exclusive control and cannot be ascertained except through discovery.

25. Plaintiff will return to the subject Super 8 by Wyndham hotel to patronize the facility, if it is made fully accessible to a disabled person in a wheelchair, and to also avail himself of the hotel's services.

26. Should the Super 8 by Wyndham hotel become accessible, Mr. Neal will visit it again because he will travel to Huntington County, Indiana in Spring or Summer 2024.

27. Furthermore, plaintiff intends to return to the Super 8 by Wyndham hotel on an annual basis beginning in 2024, to ascertain whether Defendant removed the barriers to access which are the subject of this litigation.

I. **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq*.)**

28. Plaintiff pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 27 of this complaint.

29. Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 8**

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

30. Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

31. As part of the Americans with Disabilities Act of 1990, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq*.). Among the public accommodations identified for purposes of this title was:

> (7) PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
> . . .
> (A) an inn, hotel, motel, or other place of lodging ***;

> 42  U.S.C. §12181(7)(A).

32. Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 9**

against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

33. The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
>
> (ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;
>
> (iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;
>
> (iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and
>
> (v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

37. The acts of Defendant set forth herein were a violation of plaintiff's rights under the

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 10**

ADA, 42. U.S.C. §§ 12181 *et seq.*

38. The removal of the barriers complained of by plaintiff as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject Super 8 by Wyndham hotel pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, Defendant's failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by §302(b)(2)(a)(i)-(iii); 42 U.S.C. §12182 (b)(2)(A)(i).

39. Per §301(9), 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the Defendant under the standards set forth under §301(9) of the Americans with Disabilities Act. Further, if it was not "readily achievable" for Defendant to remove each of such barriers, Defendant has failed to make the required services available through alternative methods which were readily achievable.

40. On information and belief, construction work on, and modifications of, the subject Super 8 by Wyndham hotel occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

41. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, §308, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 11**

Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that he is about to be subjected to discrimination in violation of §302. Plaintiff cannot return to or make use of the public facilities complained of herein so long as the premises and Defendant's policies bar full and equal use by persons with physical disabilities.

42. Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, plaintiff has not returned to Defendant's premises since on or about November 14, 2023, through November 15, 2023, but alleges that Defendant has continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

43. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

II.   **SECOND CAUSE OF ACTION FOR VIOLATION OF CONSUMER PROTECTION LAWS**

44. Plaintiff pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 43 of this complaint.

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 12**

45. Plaintiff purchased and used Defendant's Super 8 by Wyndham hotel primarily for personal use thereby suffering ascertainable losses, as a result of the Defendant's actions in violation of Indiana's consumer protection laws.

46. Had Defendant not engaged in the deceptive conduct described herein, Plaintiff would not have purchased and/or paid for lodging at Defendant's hotel and would not have incurred related financial costs and injury.

47. Defendant engaged in wrongful conduct while at the same time obtaining, under false pretenses, money from Plaintiff for lodging that would not have been paid for had the Defendant not engaged in unfair and deceptive conduct.

48. Unfair methods of competition of deceptive acts or practices that were proscribed by law, including the following:

 a. Representing that goods or services have characteristics, ingredients, uses benefits or quantities that they do not have;

 b. Advertising goods or services with the intent not to sell them as advertised; and

 c. Engaging in fraudulent or deceptive conduct that creates a likelihood of confusion and/or misunderstanding.

49. Plaintiff was injured by the cumulative and indivisible nature of Defendant's conduct. The cumulative effect of Defendant's conduct directed at consumers, including people with mobility disabilities in need of lodging, including Mr. Neal, was to create demand for and promote the sale of mobility accessible hotel guest rooms. Each aspect of the Defendant's conduct combined to artificially create sales of mobility accessible hotel guest rooms.

50. Defendant has a statutory duty to refrain from unfair or deceptive acts or trade practices in the promotion and sale of its mobility accessible hotel guest rooms.

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 13**

51. Had Defendant not engaged in the deceptive conduct described above, Mr. Neal would not have purchased and/or paid for lodging, and would not have incurred related financial costs and injury.

52. Defendant's deceptive, unconscionable, or fraudulent representations and material omissions to consumers, including people with mobility disabilities and Mr. Neal, constituted unfair and deceptive acts and trade practices in violation of Indiana's consumer protection statute.

53. Defendant's actions, as complained of herein, constitute unfair competition or unfair, unconscionable, deceptive or fraudulent acts, or trade practices in violation of state and Federal consumer protection statutes, including but not limited to Indiana's Deceptive Consumer Sales Act, Ind. Code Ann. § 24-5-0.5-1, *et. seq*.

54. Defendant engaged in unfair competition or unfair or deceptive acts or trade practices or have made false representations in violation under the statute listed above to protect consumers against unfair, deceptive, fraudulent and unconscionable trade and business practices and false advertising; Defendant is the supplier, advertiser, and seller, who is subject to liability under such legislation for unfair, deceptive, fraudulent and unconscionable consumer sales practices.

*55*. Defendant engaged in fraudulent behavior regarding the sale of a mobility accessible hotel guestroom and amenities to Mr. Neal in 2023. Defendant knew or should have reasonably known that the sale was done in a manner consistent with and in an effort to, deceive potential disabled lodgers in violation of Indiana's Deceptive Consumer Sales Act, Ind. Code Ann. § 24-5-0.5-1, *et seq*.

56. Defendant violated the statutes that were enacted to protect consumers against

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 14**

unfair, deceptive, fraudulent and unconscionable trade and business practices and false advertising, by knowingly and falsely representing that their mobility accessible hotel guestrooms and other hotel amenities were fit to be used by people with mobility disabilities for the purpose for which they were intended, when in fact they were inaccessible and dangerous, and by other acts alleged herein. These representations were made in Defendant's online website and promotional materials.

57. The actions and omissions of Defendant alleged herein are uncured or incurable deceptive acts under the statutes enacted in the state to protect consumers against unfair, deceptive, fraudulent and unconscionable trade and business practices and false advertising.

58. Defendant had actual knowledge of the inaccessible and dangerous condition of their mobility accessible guestrooms and other hotel amenities and failed to take any action to cure such inaccessible and dangerous conditions.

59. Mr. Neal relied upon Defendant's misrepresentations and omissions in determining which hotel to stay the night in during his travels.

60. Defendant's deceptive, unconscionable or fraudulent representations and material omissions to their disabled consumers, constitute unfair and deceptive acts and practices.

61. By reason of the unlawful acts engaged by Defendant, and as a direct and proximate result thereof, Mr. Neal has suffered ascertainable losses and damages.

Wherefore, plaintiff prays for relief and damages, in an as yet unliquidated sum, in excess of $75,000.00, and as hereinafter stated.

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 15**

**PRAYER:**

Wherefore, Plaintiff Spencer Neal prays that this court grant relief as follows:

**I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, et seq.)**

1. For injunctive relief, compelling Defendant to make the Super 8 by Wyndham hotel, readily accessible to and usable by individuals with disabilities; and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered;

2. For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the prevailing party; and

3. For such other and further relief as the court may deem proper.

**II.   PRAYER FOR SECOND CAUSE OF ACTION FOR VIOLATION OF CONSUMER PROTECTION LAWS**

1. All available compensatory damages, including consequential and noneconomic damages for the described losses;

2. Punitive damages

3. For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the prevailing party; and

3. For such other and further relief as the court may deem proper.

Respectfully submitted,

BLAKEMORE, MEEKER & BOWLER CO., L.P.A.

/s/ *COLIN G. MEEKER*
COLIN G. MEEKER (Ohio Bar No. 0092980)
495 Portage Lakes Drive
Akron, OH 44319

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 16**

O: (330) 253-3337
F: (330) 253-4131
cgm@bmblaw.com

Attorney for Plaintiff Spencer Neal

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 17**