UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SPENCER NEAL, | CASE NO.: 1:24-cv-00004 |
| Plaintiff, | CHIEF JUDGE HOLLY A. BRADY |
| vs. | **FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF:** |
| OHM GANESHAY INC., | **1ST CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disability Act of 1990 ("Title III" and "ADA"), 42 U.S.C. §§ 12181, *et seq*. |
| Defendant. | |

Plaintiff Spencer Neal Complains of Defendant Ohm Ganeshay Inc., and alleges as follows:

**INTRODUCTION:**

1. This is a civil rights action for discrimination against persons with physical disabilities, of which plaintiff is a member of, for failure to remove architectural barriers structural in nature at Defendant's property, a place of public accommodation, thereby discriminatorily denying plaintiff access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof. Plaintiff seeks injunctive relief pursuant to the Americans with Disability Act of 1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181, *et seq.*

2. Plaintiff Spencer Neal is a person with physical disabilities who, on or about November 14, 2023, through November 15, 2023, was an invitee, guest, patron, or customer at Defendant's property, which houses a Super 8 by Wyndham hotel, located at 2801 Guilford Street, Huntington, IN 46750. At said time and place, Defendant failed to provide proper legal

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 1**

access to the property, which is a public accommodation and/or public facility. The denial of access was in violation of federal legal requirements, and Mr. Neal suffered violations of his civil rights to full and equal access and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3. **Jurisdiction**: This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

4. **Venue**: Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district, in the City of Huntington, County of Huntington, State of Indiana and that plaintiff's causes of action arose in this district.

**PARTIES:**

5. Plaintiff Spencer Neal is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities." (Hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning.) Mr. Neal is a "person with physical disabilities," as defined by all applicable United States laws. Mr. Neal requires the use of a wheelchair to travel about in public. Consequently, Mr. Neal is a member of that portion of the public whose rights are protected by the Americans with Disabilities Act.

6. Defendant Ohm Ganeshay Inc., an Indiana corporation, is the owner and operator, lessor and/or lessee, or agent of the owner, lessor and/or lessee, of the building and/or buildings which constitute a public facility in and of itself, occupied by a Super 8 by Wyndham hotel, a public accommodation, located at/near 2801 Guilford Street, Huntington, IN 46750, and subject

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 2**

to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and to all other legal requirements referred to in this complaint.

7. At all times relevant to this complaint, Defendant is the lessee, or agent of the lessee, and/or lessor, of said premises, and owns and operates the subject Super 8 by Wyndham hotel as a public facility at/near 2801 Guilford Street, Huntington, IN 46750. The business, a Super 8 by Wyndham hotel, is open to the general public and conducts business therein. The business operating on said premises is a public accommodation.

8. At all times relevant to this complaint, Defendant is the landlords/lessors, tenants/lessees and the owners and operators of the subject hotel, a public accommodation located at/near 2801 Guilford Street, Huntington, IN 46750. As such, Defendant is jointly and severally responsible to identify and remove architectural barriers pursuant to Code of Federal Regulations section 36.201(b), which states in pertinent part:

> **§ 36.201     General**
>
> (b) Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.
>
> CFR §36.201(b)

9. Plaintiff does not know the true names of Defendant, its business capacities, its ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of. Plaintiff is informed and believes that the Defendant herein is a public accommodation, and is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, partner, and associate, or such similar capacity,

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 3**

of each of the other defendants, if any, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described.

**PRELIMINARY FACTUAL ALLEGATIONS:**

10. Defendant is the entity that is a public accommodation that owns, leases (or leases to), or operates, a Super 8 by Wyndham hotel, located at 2801 Guilford Street, Huntington, IN 46750. The Super 8 by Wyndham hotel and each of its facilities are places "of public accommodation" subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181, *et seq*. On information and belief, said facility has undergone "alterations, structural repairs and additions," each of which has subjected the Super 8 by Wyndham hotel to handicapped access requirements.

11. Plaintiff Spencer Neal is a person with a disability. Mr. Neal is a "physically disabled person," as defined by all applicable United States laws. Mr. Neal is paralyzed and requires the use of a wheelchair for mobility and to travel in public.

12. At all times referred to herein and continuing to the present time, Defendant advertised, publicized and held out the Super 8 by Wyndham hotel as being handicapped accessible and handicapped usable.

13. On or about November 14, 2023, through November 15, 2023, Mr. Neal was an

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 4**

invitee and guest at the subject Super 8 by Wyndham hotel, arriving for purposes of obtaining lodging for the evening.

14. Mr. Neal's purpose for obtaining lodging at Defendant's Super 8 by Wyndham hotel was due to him having a meeting on November 15, 2023, at 9:00 AM, in Fort Wayne, IN; the location appeared accessible online, was affordable, and was within a reasonable distance to where Mr. Neal had a meeting the next morning.

15. Mr. Neal chose Defendant's Super 8 by Wyndham hotel because, while searching online for lodging, the Super 8 held itself out as having the following accessible amenities:

a. Accessible Amenities

   i. Adjustable Height Hand-Held Shower Wand;
   ii. Bedroom is Wheelchair Accessible;
   iii. Raised Toilet Seath with Grab Bars; and
   iv. Roll-In Shower with Seat.

16. Upon his arrival, during his patronizing of the public accommodation, and upon his exit of the facility, Mr. Neal personally encountered architectural barriers which denied him the full and equal access to the property; the hotel was not accessible.

17. Therefore, at said time and place, Mr. Neal, who is a person with disabilities, encountered numerous inaccessible elements of the subject Super 8 by Wyndham hotel which constituted architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities. *By way of example and not as an exhaustive inventory of Defendant's violations*, Mr. Neal personally encountered the following barriers to access at Defendant's property:

a) In the parking lot, there are not enough accessible stalls in violation of 1991 ADAS

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 5**

Section 4.1.2(5)(a) and/or 2010 ADAS Section 208.2.

b) In the parking lot, there are no van parking stalls in violation of 2010 ADAS Section 208.2 and/or 208.2.4.

c) On the exterior of the building, the access aisles are not located on accessible routes of travel to the accessible building entrances in violation of 1991 ADAS Section 4.6.3 and/or 2010 ADAS Section 208.3.1 and/or 502.3.

d) In the parking lot, there are no parking signs for the accessible parking spaces in violation of 1991 ADAS Section 4.6.4.

e) In the parking lot, the van stall is missing a sign identifying it as a van accessible stall in violation 1991 ADAS Section 4.6.4 and/or 2010 ADAS Section 502.6.

f) On the exterior of the building, the maneuvering clearance on the pull side of the east side exterior door is obstructed by a trash can in violation of 1991 ADAS Section 4.13.6 and 2010 ADAS Section 404.2.4.1.

g) On the exterior of the building, there is no accessible route to the picnic table at the east side entrance in violation of 1991 ADAS Section 4.1.2(1) and/or 2010 ADAS Section 206.2.2.

h) On the exterior of the building, compliant knee and/or toe clearance is not provided at the picnic table at the east side entrance in violation of 1991 ADAS Section 4.32.3 and/or 2010 ADAS Section 306.2.1.

i) On the exterior of the building, the west side building entrance is not located on an accessible route in violation of 1991 ADAS Section 4.1.2(1) and/or 2010 ADAS Section 206.2.1.

j) On the exterior of the building, the accessible route is constructed such that a parked

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 6

vehicle can obstruct the minimum 36" width in violation of 1991 ADAS Section 4.6.3 and/or 2010 ADAS Section 502.7.

k) On the exterior of the building, there is no accessible route to the picnic table at the west side entrance in violation of 1991 ADAS Section 4.1.2(1) and/or 2010 ADAS Section 206.2.2.

l) On the exterior of the building, compliant knee and/or toe clearance is not provided at the picnic table at the west side entrance in violation of 1991 ADAS Section 4.32.3 and/or 2010 ADAS Section 306.2.1.

m) On the exterior of the building, at least 50% of all public entrances must be accessible and on an accessible route to the public way in violation of 1991 ADAS Section 4.1.3(1).

n) In the lobby entry, the floor mats at the lobby door are not secured in place in violation of 1991 ADAS Section 4.5.3 and/or 2010 ADAS section 302.2.

o) In the lobby, the floor mats at the lobby desk are not secured in place in violation of 1991 ADAS Section 4.5.3 and/or 2010 ADAS Section 302.2.

p) In the lobby, the counter surface is greater than 36" off the finished floor in violation of 1991 ADAS Section 7.2(1) and/or 2010 ADAS Section 904.4.1.

q) In guestroom 109, the door operating hardware exceeds maximum height requirements in violation of 2010 ADAS Section 404.2.7.

r) In guestroom 109, the sign providing directional, and information is noncompliant in violation of 2010 ADAS Section 216.3.

s) In guestroom 109, the door does not have a compliant maneuvering clearance in violation of 1991 ADAS Section 4.13.6 and/or 2010 ADAS Section 404.2.4.1.

t) In guestroom 109, the coat hook is not mounted within the required range in violation of

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 7**

2010 ADAS Section 603.4.

u) In guestroom 109, the shower stall does not a minimum 60" deep in violation of 1991 ADAS Section 4.21.2 and/or 2010 ADAS Section 608.2.2.

v) In guestroom 109, the operable parts of controls of the shower are not located on the back wall adjacent to the shower seat a maximum of 27" from the seat wall in violation of 1991 ADAS Section 4.21.5 and/or 2010 ADAS Section 608.5.2.

w) In guestroom 109, the shower grab bars are more than 6 inches from the adjacent wall in violation of 2010 ADAS Section 608.3.2.

x) In guestroom 109, the shower's handheld sprayer unit is mounted above the required maximum height in violation of 2010 ADAS Section 608.6.

y) In guestroom 109, the shower handheld sprayer unit is not equipped with a non-positive on/off control in violation of 2010 ADAS Section 608.6.

z) In guestroom 109, the toilet's rear grab bar does not extend adequately past the toilet on the wide side in violation of 1991 ADAS Section 4.17.6 and/or 2010 ADAS Section 604.5.2.

aa) In guestroom 109, the toilet's side grab bar does not extend far enough from the rear wall in violation of 1991 ADAS Section 4.17.6 and/or 2010 ADAS Section 604.5.1.

bb) In guestroom 109, the toilet's side grab bar is obstructed by the shelving in violation of 2010 ADAS Section 609.3.

cc) In guestroom 109, the water and drainpipes under the lavatory are not adequately insulated in violation of 1991 ADAS Section 4.19.4 and/or 2010 ADAS Section 606.5.

dd) In guestroom 109, the clear floor space to the sink only allows for a forward approach and the towel bar is out of reach range in violation of 1991 ADAS section 4.2.5 and 2010

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 8

ADAS section 308.2.2.

ee) In guestroom 109, the clear floor space for the shelf and clothes hangers is obstructed in violation of 1991 ADAS Section 4.2.4.1 and/or 2010 ADAS Section 305.3.

ff) In guestroom 109, the clear floor space only allows for a forward approach and the iron and ironing board are out of reach range in violation of 1991 ADAS Section 4.2.5 and/or 2010 ADAS Section 308.2.2.

gg) In guestroom 109, the required clear space on both sides of the bed have not been provided in violation of 1991 ADAS Section 9.2.2(1) and 2010 ADAS Section 806.2.3.

hh) In guestroom 109, the route of travel does not provide a minimum width of 36" to either of the nightstands and lamps in violation of 1991 ADAS Section 4.3.3 and/or 2010 ADAs Section 403.5.1.

ii) In guestroom 109, the drape wands are out of the maximum allowable reach range for a side approach in violation of 2010 ADAS Section 308.3.1.

jj) In guestroom 109, the drape wands are not accessible because they require tight grasping, pinching or twisting of the wrist in violation of 1991 ADAS Section 4.27.4 and/or 2010 ADAS Section 309.4.

kk) In guestroom 109, the wall lamp is out of the maximum allowable reach range for a side approach in violation of 2010 ADAS Section 308.3.1.

ll) In guestroom 109, the wall lamp is not accessible because it requires tight grasping, pinching or twisting of the wrist in violation of 1991 ADAS Section 4.27.4 and/or 2010 ADAS Section 309.4.

mm) In guestroom 109, the table lamp is not accessible because it requires tight grasping, pinching or twisting of the wrist in violation of 1991 ADAS Section 4.27.4

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 9

and/or 2010 Section 309.4.

nn) In other guestrooms, according to information and belief, there are not enough accessible rooms designed with mobility features in violation of 2010 ADAS Section 224.2.

oo) In other guestrooms, upon information and belief, accessible guest rooms are not dispersed among the various classes of sleeping accommodations in violation of 1991 ADAS Section 9.1.4(1) and/or 2010 ADAS Section 224.5.

pp) In the guest laundry, the washing machine does not have a 30" by 48" clear floor space centered on the appliance for a parallel approach in violation of 2010 ADAS Section 611.2.

qq) In the guest laundry, the maneuvering clearance on the pull side of the dryer door does not comply with required minimum dimensions in violation of 1991 ADAS Section 4.13.6 and/or 2010 ADAS Section 404.2.4.1.

rr) In the fitness center, the wall sign is incorrectly located in violation of 2010 ADAS Section 703.4.1.

ss) In the fitness center, the maneuvering clearance on the pull side of the door extends less than 18" beyond the latch side of the door in violation of 1991 ADAS Section 4.13.6 and/or 2010 ADAS Section 404.2.4.1.

tt) In the breakfast area, there are no accessible dining surfaces in violation of 1991 ADAS Section 5.1 and/or 2010 ADAS Section 226.1.

uu) In the breakfast area, many of the breakfast items, cups, condiments, utensils and dispensers are too high and out of the maximum reach range for a side approach in violation of 1991 ADAS Section 4.2.6 and/or 2010 ADAS Section 308.3.2.

vv) At the drinking fountain, the spout for the drinking fountain exceeds maximum height

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 10

requirements in violation of 1991 ADAS Section 4.15.2 and/or 2010 ADAS Section 602.4.

ww)   At the drinking fountain, there is not enough knee clearance under the drinking fountain in violation of 1991 ADAS Section 4.15.5(1) and/or 2010 ADAS Section 602.2.

xx) At the drinking fountain, the drinking fountain projects into the maximum allowed clearance in the circulation path in violation of 1991 ADAS Section 4.4.1 and/or 2010 ADAS Section 307.2.

On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

18. At all times stated herein, the existence of architectural barriers at Defendant's place of public accommodation evidenced "actual notice" of Defendant's intent not to comply with the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, either then, now or in the future.

19. As a legal result of Defendant's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered injury as alleged herein.

20. As a further legal result of the actions and failure to act of Defendant, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, Mr. Neal was denied his civil rights to full and equal access to public facilities. Mr. Neal suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered from personal physical injury, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 11

associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

21. Mr. Neal suffered from personal physical injury to his shoulders, back, neck, and spine, when he was (1) forced to traverse over or around barriers to access at Defendant's property, including his guestroom, (2) maneuver exceedingly steep slopes and curbs at the hotel's parking lot and accessible routes, and (3) attempt to and/or use inaccessible and dangerous hotel amenities, such as the severely inaccessible roll-in shower and high breakfast goods and equipment.

22. On information and belief, construction alterations carried out by Defendant has triggered access requirements under Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181, *et seq.*

23. Mr. Neal, as described herein below, seeks injunctive relief to require the Super 8 by Wyndham hotel to be made accessible to meet the requirements of the Americans with Disabilities Act, so long as Defendant operates and/or leases the Super 8 by Wyndham hotel as a public facility.

24. On information and belief, Defendant has been negligent in its affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

25. Because of Defendant's violations, Mr. Neal and other persons with physical disabilities are unable to use public facilities such as those owned and operated by Defendant on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act and other accessibility law as plead herein. Plaintiff seeks an order from this court compelling Defendant to make the Super 8 by Wyndham hotel accessible to

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 12**

persons with disabilities.

26. Plaintiff is informed and believes and therefore alleges that Defendant caused the subject property to be constructed, altered and/or maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said facility of the Super 8 by Wyndham hotel and were denied full and equal use of said public facility. Further, on information and belief, Defendant has continued to maintain and operate said facility in such conditions up to the present time, despite actual and constructive notice to such Defendant that the configuration of the establishment and/or its building(s) are in violation of the civil rights of persons with physical disabilities, such as plaintiff and the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of law as stated in Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181, *et seq.*

27. On personal knowledge, information and belief, the basis of Defendant's actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the Super 8 by Wyndham hotel was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to, communications with invitees and guests, owners of other establishments and businesses, notices Defendant obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by the Defendant, newspaper articles and trade publications regarding the Americans with Disabilities Act and other access laws, public service announcements, and other similar information. Defendant's failure, under state and federal law, to make the establishment accessible is further evidence of Defendant's conscious disregard for the rights of plaintiff and other similarly situated persons with

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 13**

disabilities. The scope and means of the knowledge of Defendant are within Defendant's exclusive control and cannot be ascertained except through discovery.

28. Mr. Neal will return, and has an intention to return, to the subject Super 8 by Wyndham hotel to patronize the facility, if it is made fully accessible to a disabled person in a wheelchair, and to also avail himself of the hotel's services. As the hotel is not presently accessible, Mr. Neal cannot safely return to Defendant's property.

29. Should the Super 8 by Wyndham hotel become accessible, Mr. Neal will visit it again because: (1) he frequently travels to the Fort Wayne area, which is not far from Defendant's hotel; he is scheduled to be in the area again in March 2024, as well as the Summer and Fall of 2024; and (2) the hotel offers affordable rates.

30. Furthermore, plaintiff intends to return to the Super 8 by Wyndham hotel on an annual basis beginning in 2024, to ascertain whether Defendant removed the barriers to access which are the subject of this litigation.

I. **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**

31. Plaintiff pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 30 of this complaint.

32. Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 14

> of opportunity, full participation, independent living and economic
> self-sufficiency for such individuals; [and that] the continuing
> existence of unfair and unnecessary discrimination and prejudice
> denies people with disabilities the opportunity to compete on an
> equal basis and to pursue those opportunities for which our free
> society is justifiably famous.

33. Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and
> comprehensive national mandate for the elimination of
> discrimination against individuals with disabilities; (2) to provide
> clear, strong, consistent, enforceable standards addressing
> discrimination against individuals with disabilities; (3) to ensure
> that the Federal government plays a central role in enforcing the
> standards established in this act on behalf of individuals with
> disabilities; and (4) to invoke the sweep of Congressional
> authority, including the power to enforce the 14th Amendment and
> to regulate commerce, in order to address the major areas of
> discrimination faced day to day by people with disabilities.

34. As part of the Americans with Disabilities Act of 1990, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq*.). Among the public accommodations identified for purposes of this title was:

> (7) PUBLIC ACCOMMODATION - The following private
> entities are considered public accommodations for purposes of this
> title, if the operations of such entities affect commerce -
> . . .
> (A) an inn, hotel, motel, or other place of lodging ***;
>
> 42 U.S.C. §12181(7)(A).

35. Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 15**

36. The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
>
> (ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;
>
> (iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;
>
> (iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and
>
> (v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

37. The acts of Defendant set forth herein were a violation of plaintiff's rights under the ADA, 42. U.S.C. §§ 12181 *et seq.*

38. The removal of the barriers complained of by plaintiff as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject Super 8 by

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 16**

Wyndham hotel pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, Defendant's failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by §302(b)(2)(a)(i)-(iii); 42 U.S.C. §12182 (b)(2)(A)(i).

39. Per §301(9), 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the Defendant under the standards set forth under §301(9) of the Americans with Disabilities Act. Further, if it was not "readily achievable" for Defendant to remove each of such barriers, Defendant has failed to make the required services available through alternative methods which were readily achievable.

40. On information and belief, construction work on, and modifications of, the subject Super 8 by Wyndham hotel occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

41. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, §308, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that he is about to be subjected to discrimination in violation of §302. Plaintiff cannot return to or make

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 17**

use of the public facilities complained of herein so long as the premises and Defendant's policies bar full and equal use by persons with physical disabilities.

42. Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, plaintiff has not returned to Defendant's premises since on or about November 14, 2023, through November 15, 2023, but alleges that Defendant has continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

43. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

**PRAYER:**

Wherefore, Plaintiff Spencer Neal prays that this court grant relief as follows:

**I.      PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, et seq.)**

1. For injunctive relief, compelling Defendant to make the Super 8 by Wyndham hotel, readily accessible to and usable by individuals with disabilities; and to make reasonable

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 18**

modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered;

2. For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the prevailing party; and

3. For such other and further relief as the court may deem proper.

Respectfully submitted,

BLAKEMORE, MEEKER & BOWLER CO., L.P.A.

/s/ *COLIN G. MEEKER*
COLIN G. MEEKER (Ohio Bar No. 0092980)
495 Portage Lakes Drive
Akron, OH 44319
O: (330) 253-3337
F: (330) 253-4131
cgm@bmblaw.com

Attorney for Plaintiff Spencer Neal

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of March, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system:

James P. Buchholz, Esq.
127 W. Berry Street, Ste. 1200
Fort Wayne, IN 46802

/s/ *COLIN G. MEEKER*
COLIN G. MEEKER (Ohio Bar No. 0092980)

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF - 19**